UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF ILLINOIS

KENNETH SHARPLES,
            Plaintiff,

v.                          CASE NO: 23-CV-997-DWD

SHANA MOORE, et al.,
            Defendants

AMENDED CIVIL RIGHTS COMPLAINT TITLED
42 U.S.C Sect A53 U.S CODE

This is a civil rights complaint filed by Kenneth Sharples, pro-se plaintiff, alleging Constitutional Rights Violations, First, Eigth, and Fourteenth Amendments. Also, state Torts of Negligences, Malpractice, Intentional Infliction of mental and Emotional Distress, Intentional and Malicious Actions, and Assault and Battery, and Excessive Force.

JURISDICTION

1. The court has Jurisdiction over plaintiff's claims of violations of Constitutional rights under 28 U.S.C Section 1331 (a) and 1343

2. The court has supplemental jurisdiction over plaintiff's state Law Tort claims under 28 U.S.C Section 1367.

PARTIES

3. Plaintiff, Kenneth Sharples was incarcerated at Menard e.c. during the events within this complaint.

Defendant(s)
4. Defendant Shana Moore, formerly Sgt. Bebout was at the time of claims was employed as correctional officer at Menard C.C worked

Sgt.. She is sued in her Individual and official capacity.

5. Defendant Nicholas Bebout is employed as correctional officer at menard c.c. ranked LT. He is sued in his Individual and official capacity.

6. Defendant Daniel Lee is employed as correctional officer at menard C.C. He is sued in his Individual and official capacity

7. Defendant Robert Presswood is employed as correctional officer at menard c.c. He is sued in his Individual and official capacity.

8. Defendant Brandon Griffin is employed as correctional officer at menar c.c. He is sued in his Individual and official capacity.

9. Defendant Curtis Cox is employed as correctional officer at menard c.c. He is sued in his Individual and official capacity.

10. Defendant Sara Qwick is employed as Counselor at menard c.c. She is sued in her Individual and official capacity.

11. Anthony Wills is employed as warden at menard c.c. He is sued in his Individual and official capacity.

12. Defendant Charles Hoskins is employed as correctional officer at menard c.c. ranked Sgt. He is sued in his Individual and official capacity.

13. Defendant Jackie Stueve Jr. is employed as correctional officer at menard c.c. He is sued in his Individual and official capacity

14. Defendant Douglas Brand is employed as correctional officer at

2.

Menard C.C. He is sued in his Individual and official capacity.

15. Defendant Keith Feldmann is employeed as correctional officer at Menard C.C. He is sued in his Individual and official capacity.

16. Defendant Charles Buskirk is employeed as correctional officer at Menard C.C. He is sued in his Individual and official capacity

17. Defendant Marc Hempen is employeed as correctional officer at Menard C.C. He is sued in his Individual and official capacity

18. Defendant Robert Price is employeed as correctional officer at Menard C.C. He is sued in his Individual and official capacity.

19. Defendant Trenton Brown is employeed as correctional officer at Menard C.C. He is sued in his Individual and official capacity

20. Defendant Daniel Lawson is employeed as correctional officer at Menard C.C. He is sued in his Individual and official capacity

21. Defendant michael Crumbacher is employeed as correctional officer at Menard C.C. He is sued in his Individual and official capacity

22. Defendant John Powell is employeed as correctional officer at Menard C.C. He is sued in his Individual and official capacity

23. Defendant Colman Dunbar is employeed as correctional officer at Menard C.C. He is sued in his Individual and official capacity

24. Defendant John mills is employeed as correctional officer at menard

3.

C.C. He is sued in his Individual and Official capacity

25. Defendant Troy Erlenmeyer is employed as Correctional Officer at Mena[rd] C.C. He is sued in his Individual and official capacity

26. Defendant Jonathan Dye is employed as correctional officer at menar[d] C.C. ranked LT. He is sued in his Individual and Offical capacity.

27. Defendant Cory Spytek is employed as correctional officer at menard C.C. He is sued in his Individual and official capacity

28. Defendant Aaron Choate is employed as correctional officer at menard C.C. He is sued in his Individual and offical capacity

29. Defendant Freddy McDonald is employed as correctional officer at Mena[rd] C.C. He is sued in his Individual and official capacity

30. Defendant William Elsner is employed as correctional officer at menard C.C. He is sued in his Individual and official capacity

31. Defendant Darren Ashbaugh is employed as correctional officer at Mena[rd] C.C. He is sued in his Individual and offical capacity

32. Defendant Eric Young is employed as correctional officer at Menard C.C. He is sued in his Individual and official capacity

33. Defendant Van Tilder is employed as correctional officer at menard C.C. He is sued in his Individual and official capacity

4

31. Defendant Maynard Hudson is employed as correctional officer at menard C.C. ranked Major. He is sued in his Individual and official capacity.

35. Defendant Andrew Bennet is employed as correctional officer at menard C.C. ranked LT. He is sued in his Individual and official capacity.

36. Defendant Joel Hepp is employed as correctional officer at menard C.C. ranked Sgt. He is sued in his Individual and official capacity.

37. Defendant Austin Harris is employed as correctional officer at menard C.C. He is sued in his Individual and official capacity.

38. Defendant Tyson Alms is employed as correctional officer at menard C.C. He is sued in his Individual and official capacity.

39. Defendant James Lloyd is employed as correctional officer at menard C.C. ranked LT. He is sued in his Individual and official capacity.

40 Defendant Ronald Guetersloh is employed as correctional officer at menard C.C. ranked Sgt. He is sued in his Individual and official capacity.

41. Defendant Rachel Alfaro is employed as L.P.N. by wexford at menard C.C. She is sued in her Individual and official capacity.

42. Defendant Quindra Morrison is employed as L.P.N by wexford at menard CC. She is sued in her Individual and official capacity.

43 Defendant Marolene Bowling is employed as N.A. by wexford at menar C.C. She is sued in her Individual and official capacity.

44. Defendant Sheri Buettner is employeed as M.H.P. by wexford at Menard C.C.. She is sued in her Individual and official capacity.

45. Defendant Tera Wilkes is employeed as M.H.P. by wexford at Menard C.C. She is sued in her Individual and official capacity.

46. Defendant John Gorden is employeed as B.H.T. by wexford at Menard C.C.. He is sued in his Individual and official Capacity.

47. Defendant James Schuhardt is employeed as B.H.T by wexford at Menard C.C.. He is sued in his Individual and official capacity.

48. Defendant Manning Edwards is employeed as med tech. by wexford at Menard C.C.. He is sued in his Individual and official capacity.

49. Defendant Angela Craine is employeed as H.C.U.A., R.N., B.S.N. by wexford at Menard C.C.. She is sued in her Individual and official Capacity.

50. Defendant Kathy Ashcroft is employeed as H.C.U.A by wexford at western IL.C.C. She is sued in her Individual and official capacity.

51. Defendant wexford Health Source is Medical Provider and mental health Provider to I.D.O.C.. wexford is sued in their official Capacity.

52. Defendant Stephen Ritz is employeed by wexford Health Source. He is sued in his Individual and official capacity

## PREVIOUS LAWSUITS

Plaintiff, Kenneth Sharples, pro-se has currently filed lawsuits in Federal Courts: Northern, and Southern Districts of Illinois, as follows:

1. Kenneth Sharples v. C.C.Doc, Tom Dart, Joseph Youman, Northern District of Illinois   Case No. 03-c-7385  Magistrate Judge: Michael T. Mason

Civil 1983                                   Settlement

2. Kenneth Sharples v. Supt. Anderson, et al., Northern District of Illinois Case No: 09-c-5124  Magistrate Judge: Michael T. Mason

Civil 1983    ·                          Settlement

3 Kenneth Sharples v. Internal Revenue Service, Southern District of Illinois Case No 3:21-cv-80335-SPM, Magistrate Judge: Stephen P McGlynn

Civil Injunctive Relief Petition            Dismissed

4. Kenneth Sharples v. Pritzker, et al., Southern District of Illinois, Case No: 3:21-cv-01065-DWD    Judge: David W. Dugan

Civil 1983                          Dismissed

## GRIEVANCE PROCEDURE

Plaintiff fully exhausted all available administrative remedys that were made available, except where procedures were hinder, obstructed which prevented plaintiff's attempts by actions and/or inactions of defendants.

7

54. On or about 11/18 or 11/19/2021 defendant S. Moore (formerly Sgt. S. Bebout) came to plaintiff's cell Z-35 NL, and made the following comments and threats: "Sharples, you really thought filing a grievance would do shit? I do whatever the hell I want and I'll fire anybody anytime I want haven't you figured that out yet? And now you're done with that fucking class you'll be done with front street as long as I work here. Have fun in the back in west house, you'll never get a job again because i'll make sure I.A never approves you again." These comments and threats were in regards to grievance #109-11-21

55. On 11/22/2021 plaintiff was moved to west cell house escorted by defendant D. Lee, during movement plaintiff asked D. Lee as to "why he got fired?" And that due to medical issue will not be able to move to cell on 1 gal. D. Lee responded: "you will have to take it up with LT. Bebout about your cell., you've been here awhile, you know we don't like grievances, just like you all don't like tickets."

56. Upon entering west cell house plaintiff informed defendants C. Hoskin, K. Feldmann, Stueve that he wished to speak to LT. N. Bebout about medical issue and cell assignment. Plaintiff was placed in shower separate from other inmates.

57. Defendant N. Bebout came over shortly after asking "what's up?" Plaintiff informed LT. N. Bebout about medical issue and plaintiff was not issued low gal., low bunk due to porvious housing, but to request medical if and when moved.

58. Defendant LT. N. Bebout spoke to D. Lee about plaintiff's foot, D. Lee stated plaintiff has an issue and also that plaintiff is the one who wrote up Sgt. Bebout (Defendant Shana Moore), (T. Bebouts wife.

8.

59 Defendants LT Behrent, Heskin, Stueve, and Brand spoke briefly and then attitudes and mannerisms became highly aggressive, at which time plaintiff stated that he wished to refuse housing.

60. Defendants Stueve, and Brand told plaintiff to "step out" of the shower and move his shit up stairs. Plaintiff again requested to refuse housing due to mobility and safety reasons and held out id card.

## EXCESSIVE FORCE

61. Defendant Stueve snatched plaintiffs id broke it and grabbed plaintiffs arm as defendant Brand grabbed plaintiff's other arm. Stueve and Brand slammed plaintiff face first into sgt's cage at which time LT Behrent stepped out of cage punched plaintiff in the face, snatched off CL28 headphones and ordered Stueve, and Brand to "get this bitch to his cell."

62 Defendants Stueve and Brand started pulling and dragging plaintiff by arms bending plaintiff over at waist towards "even side" stairs, upon reaching staircase stepped on foot and ran head into "crank box" causing plaintiff to fall which lead to Brand, whom went up first, to kick plaintiff in the back and Stueve grabbed plaintiffs right foot and pull up and over body.

63 Defendant Brand grabbed plaintiff by collar and yanked up just enough to drag plaintiff up the stairs while headphone cord was still caught around plaintiff's neck. Stueve still firmly twisting plaintiff's right foot.

64 Defendant Stueve and Brand stopped on landing and

punched, kicked, and chocked plaintiff while verbally abusing and threatening plaintiff. Then proceeded to drag/carry plaintiff up the stairs in the same manner.

65. Defendants Steele, and Brand again stopped on landing by slamming plaintiff's head into wall on 6 gal. during this attack of punches and kicks plaintiff happened to see defendants Presswood, Mill, Erlenmeyer, and Dunbar on the catwalk watching, plaintiff whom has called out for help throughout directed pleas to Presswood whom plaintiff knew personally. All pleas fell on deaf ears and/or verbal threats.

66. After approx 15 minutes after the first blow by LT. Bebout plaintiff is on 10 gal. landing being ordered by Steele and Brand to get up and walk to cell 10-24 while being smacked in the back of the head and kicked in the legs this short break allowed plaintiff to see defendants Feldman, Buskirk, Hempen, Price, Brown, Lawson, Crumbacher, and Powell were all standing behind on landing and stairs. Plaintiff continued stating: "I can't and I need to go to health care." Brand then grabbed plaintiff by collar of jacket and dragged him down 10 gal. backwards in front of all inmates in there cells, when 10-24 was reached Brand ordered plaintiff to "stand up and get in the fucking cell". Plaintiff again stated "needs to go to health care", Brand grabbed plaintiff and pushed him into cell slamming door shut. Plaintiff yelled: "I need a med tech" which was responded with "good luck with that bitch."

67. Defendant LT. Dye at approx. 8:00pm discharged mace into plaintiff's face after plaintiff's numerous requests and attempts

to go to health care due to beating on first shift by LT.N.Bebout, Stueve, and Brand. Plaintiff had requested to defendants B.Griffin, C.Spytek, A.Cheate, G.McDonald, M.Edwards, e.c.er of need of medical, which M.Edwards is a med tech was refused, at such time plaintiff had stated to defendants that he needs a "crisis team" for having thoughts of suicide.

68. Defendant LT.J.Dye prior to discharging mace in plaintiff's face stated: "If you're going to hang yourself just do it already." Thus provocation and denial of medical and mental health attention pished plaintiff over the edge and caused plaintiff's attempted suicide.

## FAILURE TO PROTECT

69. Defendant C. Haskin showed deliberate indifference to plaintiffs health and safety for failure to protect and intervene when LT.N.Beb struck plaintiff in the face with a closed fist and ordered Stueve, Brand to "get this bitch to his cell." Also when Stueve, Brand punched, kicked, choked, slammed and dragged plaintiff up (5) five flight of stairs and down 1 gal. all while plaintiff yelled for help. Furthermo in failure to report attack on 11/22/2021.

70. Defendant LT.N.Bebout showed deliberate indifference to plaintiffs health and safety for failure to protect and intervene when Stueve, Brand punched, kicked, choked, slammed and dragged plaintiff up (5) five flights of stairs and down 1 gal. all while plaintiff yelle for help. Furthermore in failure to report attack on 11/22/2021

71. Defendant Stueve showed deliberate indifference to plaintiffs health and safety for failure to protect and intervene when LT.N.Bebou struck plaintiff in the face with a closed fist and ordered

Stueve, and Brand        to "get this bitch to his cell". Furthermo
in failure to report attack on 11/22/2021.

72. Defendant Brand     showed deliberate indifferen to plaintiff's
health and safety for failure to protect and intervene when LT. N. Beb
struck plaintiff in the face with a closed fist and ordered
Stueve, Brand        to "get this bitch to his cell." Furthermore i
failure to report attack on 11/22/2021.

73. Defendant Feldman     showed deliberate indifference to plainti
health and safety for failure to protect and intervene when LT. N. Beb
struck plaintiff in the face with a closed fist and ordered Stueve,
Brand        to "get this bitch to his cell." Also when Stueve, and
Brand     punched, kicked, slammed and dragged plaintiff up (5)
five flights of stairs and down 10 gal. while plaintiff yelled for
help. Furthermore in failure to report attack on 11/22/2021.

74. Defendant Buskirk   showed deliberate indifference to plaintiff's
health and safety for failure to protect and intervene when LT. N. Bebout
struck plaintiff in the face with a closed fist and ordered Stueve,
Brand      to "get this bitch to his cell." Also when Stueve, and
Brand punched, kicked, slammed and dragged plaintiff up (5)
five flights of stairs and down 10 gal. while plaintiff yelled for
help. Furthermore in failure to report attack on 11/22/2021.

75. Defendant Hempen   showed deliberate indifference to plaintiff's
health and safety for failure to protect and intervene when LT. N. Bebout
struck plaintiff in the face with a closed fist and ordered Stueve,
Brand      to "get this bitch to his cell." Also when stueve, and

12

Brand punched, kicked, slammed and dragged plaintiff up (5) five flights of stairs and down 10 gal while plaintiff yelled for help. Furthermore in failure to report attack on 11/22/2021.

76. Defendant Price showed deliberate indifference to plaintiff's health and safety for failure to protect and intervene when LT. N. Bebout struck plaintiff in the face with a closed fist and ordered Stueve, Brand to "get this bitch to his cell." Also, when Stueve, and Brand punched, kicked, slammed, and dragged plaintiff up (5) five flights of stairs and down 10 gal. while plaintiff yelled for help. Furthermore in failure to report attack on 11/22/2021

77. Defendant Brown showed deliberate indifference to plaintiff's health and safety for failure to protect and intervene when LT. N. Bebout struck plaintiff in the face with a closed fist and ordered Stueve, Brand to "get this bitch to his cell." Also, when Stueve, and Brand punched, kicked, slammed and dragged plaintiff up (5) five flights of stairs and down 10 gal while plaintiff yelled for help. Furthermore in failure to report attack on 11/22/2021

78. Defendant Lawson showed deliberate indifference to plaintiff's health and safety for failure to protect and intervene when LT. N. Bebout struck plaintiff in the face with a closed fist and ordered Stueve, Brand to "get this bitch to his cell." Also when Stueve, and Brand punched, kicked, slammed and dragged plaintiff up (5) five flights of stairs and down 10 gal while plaintiff yelled for help. Furthermore in failure to report attack on 11/22/2021.

79. Defendant Fowell showed deliberate indifference to plaintiff's health and safety for failure to protect and intervene when LT. N. Bebout

struck plaintiff in the face with a closed fist and ordered Stuev Brand to "get this bitch to his cell." Also, when Stueve, and Brand punched, kicked, slammed, and dragged plaintiff up (5) five flights of stairs and down 10 gal. while plaintiff yelled for help. Furthermore in failure to report attack on 11/22/2021.

80. Defendant Crumbacher showed deliberate indifferen to plaintiff's health and safety for failure to protect and intervene when LT.N. Beber struck plaintiff in the face with a closed fist and ordered Stueve, Brand to "get this bitch to his cell." Also, when Stueve and Brand punched, kicked, slammed, and dragged plaintiff up (5) five flights of stairs and down 10 gal. while plaintiff yelled for help. Furthermore in failure to report attack on 11/22/2021.

81 Defendant Presswood showed deliberate indifference to plaintiff's health and safety for failure to protect and intervene when LT.N. Bebert struck plaintiff in the face with a closed fist and ordered Stueve, Brand to "get this bitch to his cell." Also, when Stueve and Brand punched, kicked, slammed, and dragged plaintiff up (5) five flights of stairs and down 10 gal. while plaintiff yelled for help. to Pressw Furthermore in failure to report attack on 11/22/2021

82. Defendant Dunbar showed deliberate indifference to plaintiff's health and safety for failure to protect and intervene when LT.N. Beber struck plaintiff in the face with a closed fist and ordered Stuev Brand to "get this bitch to his cell." Also, when Stueve and Brand punched, kicked, slammed, and dragged plaintiff up (5) five flights of stairs and down 10 gal. while plaintiff yelled for help. Furthermore in failure to report attack on 11/22/2021.

83 Defendant J. Mills showed deliberate indifference to plaintiff's health and safety for failure to protect and intervene when LT. Behout struck plaintiff in the face with a closed fist and ordered Stueve, Brand to "get this bitch to his cell." Also, when Stueve and Brand punched, kicked, slammed and dragged plaintiff up (5) five flights of stairs and down jo gal. while plaintiff yelled for help. Furthermore in failure to report attack on 11/22/2021.

84. Defendant T. Erlenmyer showed deliberate indifference to plaintiff's health and safety for failure to protect and intervene when LT. Behout struck plaintiff in the face with a closed fist and ordered Stueve, and Brand to "get this bitch to his cell." Also when Stueve and Brand punched, kicked, slammed and dragged plaintiff up (5) five flights of stairs and down jo gal. while plaintiff yelled for help. Furthermore in failure to report attack on 11/22/2021.

85. Defendant Griffin showed deliberate indifference to plaintiff's health and safety for failure to protect and intervene when LT. Dye provoked and taunted plaintiff into attempted suicide then twice sprayed mace into plaintiff's face.

### DENIAL OF MEDICAL ATTENTION AS ACTS
### OF BEING "GATE-KEEPER"

86. Defendant's LT. Behout, C. Haskin, J. Stueve, D. Brand, K. Feldmann, C. Boskor, M. Hanpen, R. Price, T. Brown, D. Lawson, M. Crombacker, J. Powell, C. Dunbar, J. Mills, T. Erlenmyer, R. Presswood denied plaintiff's needs of medical attention as acts of being "gate-keepers" with personal knowledge of the obvious and serious medical needs of plaintiff due to the attack[s] by LT. Behout, Stueve, and Brand, that all named defendant witnessed and/or took part in an 11/22/2021 in west cell house

87. Defendants Griffin, Cox, LT.Dye, Spiltek, Choate, McDonald, Elsne Ashbaugh, Young, Tilden, M.Edwards, denied plaintiff's needs of medical attention as acts of being "gate-keeperess" with personal knowledge of the obvious and serious medical needs of plaintiff due to the attack(s) by LT.Bebout, Stueve, and Brand by plaintiff physical appearance and verbal requests and grievances on 11/22/2021.

## DENIAL OF MEDICAL ATTENTION

88. Defendant Alfaro showed deliberate indifference to plaintiff's serious medical needs after sustaing clear and obvious injuries from attack by LT.Bebout, Stueve, and Brand, and being maced by LT.Dye in deliberately refusing to give plaintiff medical treatment for any of his injuries, nor to even evaluate and properly address and document these obvious injuries during plaintiff's one and only visit in Health Care Unit which was when plaintiff was under defendant Alfaro's care at 8:15pm on 11/22/2021.

89. Defendant Alfaro deliberately covered up her inactions of medical treatment almost (2) two hours after plaintiff left her "care" in H.C.U by her second report at 10:10pm in regards to plaintiff's chronic asthma whereas defendant Alfaro's first report at 8:15pm was marked plaintiff did not have asthma, yet it is clearly documented in plaintiff medical file/history. Furthermore most of plaintiff's injuries were documented on the reports on 11/23/2021 at 10:00Am which are the clear and obvious injuries defendant Alfaro refused to treat and/or document.

90. Defendant Morrison showed deliberate indifference to plaintiff's serious medical needs after sustaining clear and

obvious injuries from attack by LT. Bebout, Stueve, and Brand, and being maced twice by LT. Dye in deliberately refusing to give plaintiff medical treatment for any of his injuries, nor to even evaluate and properly address and document those obvious injuries during plaintiff's one and only visit in Health Care Unit at 8:15 pm on 11/22/2021.

91. Defendant Binding showed deliberate indifference to plaintiff's serious medical needs after sustaining clear and obvious injuries from attack by LT. Bebout, Stueve, and Brand, and being maced by LT. Dye in deliberately refusing to give plaintiff any medical treatment for any of his injuries, nor to even evaluate and properly address and document those obvious injuries during plaintiff's one and only visit in Health Care Unit at 8:15 p.m. on 11/22/2021

92. Defendant Harris showed deliberate indifference to plaintiff's serious medical need by confiscation of plaintiff's asthma pump and refusal to give it back on 11/22/2021 at approx. 8:25 p.m. in which plaintiff sustained numerous mild asthma attacks due to his chronic asthma which was exasperated greatly due to recent macing by LT. Dye.

93. Defendants Crain denied plaintiff medical treatments as ordered by R. Engelage, Moldenhaver, Descmond by failure in scheduling and ensuring access to Dr. Siddiqui for recent head injury, Radiology tech Kellie Couveau, and or Tina Whitfield for x-ray to right ankle/feet, to Dr. R. Schroemp for physical therapy, and to Dr. R. Sitterer for eye examination due to recent head injury from attacks on 11/22/2021 by defendants LT. Bebout, Stueve, Brand, and LT. Dye. This follow-up care was not done in which plaintiff pain and suffering

94. Defendant Ashcroft denied plaintiff medical treatments as orde at Menard C.C. by Engelage, Moldenhauer, Dearmond by failure in scheduling and ensuring access to doctor for recent head injury, radio tech for x-ray to right ankle/foot, optometris for eye examination due to recent head injury from attacks on 11/22/2021 by defendants LT. Bebout, Stueve, Brand, and LT. Dye. This follow-up care was not done in which caused plaintiff pain and suffering.

95. Defendant M. Edwards denied plaintiff medical attention that was visible, clear, and obvious and verbalized to defendant Edwards whom is/was med-tech whom came to plaintiff's cell 10-24 west hou to pass-out meds to plaintiff's cellmate. This denial showed deliberate indifference to plaintiff's serious medical needs.

## DENIAL OF MENTAL HEALTH ATTENTION AS ACTS OF BEING "GATE-KEEPERS"

96. Defendants Griffin, Cox, LT. Dye, Spytek, Choate, McDonald, Elsner, Young, Ashbaugh, Tilden, M. Edwards showed deliberate indifference in denial of mental health attention as acts of being "gate-keepers" with each own personal knowledge of need of mental health when plaintiff verbally requested a "crisis team" due to thoughts of suicide on 11/22/2021 prior to plaintiff's attempted suicide at approx. 8:00 pm

97. Defendants Alfaro, Morrison, Bowling, Lloyd, Guetersloh showed deliberate indifference to plaintiff's serious mental health needs in denial of mental health attention as acts of being "gate-keepers" with each owns personal knowledge of need of mental health while plaintiff was in Health Care Unit at 8:15pm after plaintiff's attempted suicide. All forementioned where present within Health Care Unit at 8:15pm on 11/22/2021.

98. Defendants Hudson, Bennet, Hepp, Harris, Alms showed deliberate indifference to plaintiffs serious mental health needs by denial of mental health attention as acts of being "gate-keepers" with personal knowledge of need of mental health while plaintiff was in or after attempted suicide prior to placement in a segregation cell

## DENIAL OF MENTAL HEALTH ATTENTION

99. Defendant Buettner showed deliberate indifference to plaintiff's serious mental health needs after plaintiff's attempted suicide by refusing to see evaluated, treat, or otherwise give care to plaintiff for no other reason then it was time for her to get of work. Attempted suicide at 8:00 pm, defendant Buettner signed off at 8:05 pm 11/22/2021.

100. Defendant Wilkes showed deliberate indifference to plaintiff's serious mental health needs after plaintiffs attempted suicide by refusing to see, evaluate, treat, or otherwise give care to plaintiff for no other reason then it was time for her to get of work. Attempted suicide at 8:00 pm, defendant Wilkes signed off at 8:07 pm 11/22/2021.

101. Defendant Gorden showed deliberate indifference to plaintiffs serious mental health needs after plaintiff's attempted suicide by refusing to see, evaluate, treat, or otherwise give care to plaintiff for no other reason then it was time for him to get off work. Attempted suicide at 8:00 pm, defendant Gorden signed off at 8:10 pm 11/22/2021.

102. Defendant Schuhardt showed deliberate indifference to plaintiffs serious mental health needs after plaintiff's attempted suicide by refusing to see, evaluate, treat, or otherwise give care to plaintiff for no other reason then it was time for him to get off work

Attempted suicide at 8:00pm Defendant Schuhardt signed off at 8:18pm.

101. Defendant Hudson showed deliberate indifference to plaintiff's serious mental health needs by approving and directing plaintiff to be housed in segregation cell without I.D.R. for a mental health crisis, attempted suicide instead placement in crisis watch cell.

102. Defendant Bennet showed deliberate indifference to plaintiff's serious mental health needs by approving and directing plaintiff to be housed in segregation cell without I.D.R. for a mental health crisis, attempted suicide instead placement in crisis watch cell.

103. Defendant Hepp showed deliberate indifference to plaintiff's serious mental health needs by approving and directing plaintiff to be housed in segregation cell without I.D.R. for a mental health crisis, attempted suicide instead placement in crisis watch cell.

104. Defendant Alms showed deliberate indifference to plaintiff's serious mental health needs by not performing assigned duty as crisis watch officer after plaintiff's attempted suicide.

## HEALTH PROVIDERS IMPROPERLY TRAINED AND UNDERSTAFFING AT MENARD C.C.

105. Defendants Wexford Health Source, S. Ritz, showed deliberate indifference to plaintiff's serious mental health needs by failure(s) to provide mental health staff sufficient to meet prison population. Plaintiff received no mental health care due to understaffing, and no mental health workers within prison beyond 8:10 pm on 11/21/2021 until 6:40 am 11/23/2021. There are numerous vacant positions of key importance within

20

the mental health department at Menard C.C. and medical department. This systematic failure in understaffing lead to no evaluation, treatment, or basic care given to plaintiff after attempted suicide. Plaintiff attempted suicide was prior to defendants Buettner, Wilkes, Garden, and Schardt[s] signing off duty, this deliberate refusal of addressing plaintiff's serious mental health crisis and no other mental health staff on duty clearly violated plaintiff's right to access mental health care, furthermore due to this understaffing plaintiff was improperly placed in segergation cell and not crisis watch cell with crisis watch officer

106. Defendant[s] Wexford Health Source, Ritz showed deliberate indifference to plaintiff's serious medical needs by failure[s] to properly train staff as to the actions and/or inactions of defendants Alfaro, Morrison, Bowline, M. Edwards in the complete denial of medical treatment, documentation when there was clearly visible and obvious injuries to plaintiff who verbalized to each of the forementioned defendants of medical need and mental health needs during times of interactions on 11/22/2021.

107. Defendant[s] Wexford Health Source, Ritz failure[s] to properly train and staff their medical and mental health employees within Menard C.C. this denial of care to plaintiff's serious medical and mental health needs due to improperly training and understaffing caused plaintiff undue pain and suffering. Care that so deviated from professional standards that it amounted to deliberate indifference.

## VERBAL THREATS

108. Defendant S. Moore on or about the date of 11/18 occurred after Law workers left, made the following threats of retaliation to plaintiff at cell 2-35 NI: "Sharples, you really thought filing a grievance would do shit? I do whatever the hell I want and I'll fire anybody anytime I want

haven't you figured that out yet? And now you're done with that fucking class you'll be done with front street as long as I work here. Have fun in the back in westhouse, you'll never get a job again because i'll make sure L.Ii. never approves you."

109. Defendant LT. Bebout on 3/8/2022 while plaintiff was taken to chapel for transfer made such comments and threats: "How's your foot? Come on now you know I didn't do that, besides where's the proof? Its not like you filed anymore grievances. Now you know better about doing that don't you? Take your ass to the bus before you don't make it."

110. Defendant Lee on 11/22/2021 while escorting plaintiff to westhouse responded to plaintiff's questions as to why he got fired, stated: "You've been here awhile you know we don't like grievances, just like you all don't li tickets." These comments and threats were in reference to grievances fi by plaintiff, specifically as to grievance filed against S.Moore (formerly Sgt. Bebout) whom defendant Lee informed LT.Bebout a short time later.

## ASSAULT AND BATTERY IN RETALIATION

111. Defendant S.Moore on or about the date of 11/18 or 11/19/2021 committed assault against plaintiff in engaging in the conduct of threatening plaintiff's safety with placement in west house with defendant LT.Bebout, whom is /was defendant S.Moore's husband knowing intent of defenda LT.Bebout's actions in retaliation for grievance #109-11-21

112. Defendant LT.Bebout on 11/22/2021 committed assault and battery agains plaintiff by punching plaintiff in the face, snatching cl20 headphones off neck and ordering defendants Steele, and Brand to "get this bitch to his cell." In retaliation for plaintiff writing grievance #109-11-21.

2→

113. Defendant Lee on 11/22/2021 committed assault and accessory to battery by threatening statement: "you know we don't like grievances", and informing defendant LT.N.Bebout that plaintiff was individual whom wrote grievance #109-11-21 against then Sgt.Bebout, LT.N.Bebout then with —

114. Defendant Steve on 11/22/2021 committed assault and battery against plaintiff by punching, kicking, choking, slamming, dragging and verbally threatening and abusing plaintiff in retaliation for writing grievance #109-11-

115. Defendant Brand on 11/22/2021 committed assault and battery against plaintiff by punching, kicking, choking, slamming, dragging, and verbally threatening and abusing plaintiff in retaliation for writing grievance #109-11-

116. Defendant LT.Jilge on 11/22/2021 at 8:00pm committed assault and battery against plaintiff by discharging mace twice into plaintiff's face, verbally threatening and taunting and inciting attempted suicide in retaliation of plaintiff verbally grievancing attack by defendants LT.N.Bebout, Steve, Brand and requesting medical attention and "crisis team" mental health attention.

## LOSS OF PROPERTY

117. Defendant LT.N.Bebout after striking plaintiff with a closed fist snatched plaintiff's ccze headphones off of neck and broke them in retaliation.

## PLACEMENT IN SEGERGATION IN RETALIATION AND
## VIOLATION OF DUE PROCESS AND EQUAL PROTECTION

118. Defendant Hudson retaliated against plaintiff by his direct order and approval of housing plaintiff in segergation cell without any I.D.R. for mental health crisis "attempted suicide" for plaintiff's verbal

grievance[ss] of attack[ss] by correctional staff on first shift, and medical, and mental health attention being denied.

119. Defendant Hudson knowingly deprived plaintiff of mental health "crisis watch" after attempted suicide by order and authorization of placement in segregation cell without any I.D.R and not in "crisis watch" cell. This denial of equal protection in placement violated plaintiff's due process, furthermore the placement in segregation and placing restrictions upon plaintiff for no violation of rules, yet only for mental health "crisis" further deprived plaintiff of equal protection and due process.

120. Defendant Bennet retaliated against plaintiff by his direct order an approval of housing plaintiff in segregation cell without any I.D.R for mental health crisis "attempted suicide" for plaintiffs verbal grievance[ss] of attack[ss] by correctional staff on first shift, and medical, and mental health attention being denied.

121. Defendant Bennet knowingly deprived plaintiff mental health "crisis watch" after attempted suicide by order and authorization of placement in segregation cell without any I.D.R and not in "crisis watch" cell. This denial of equal protection in placement violated plaintiff due process, furthermore the placement in segregation and placing restrictions upon plaintiff for no violation of rules, yet only for mental health "crisis" further deprived plaintiff of equal protection and due process.

122. Defendant Hepp retaliated against plaintiff by his direct order and approval of housing plaintiff in segregation cell without any I.D.R

34

her mental health crisis attempted suicide for plaintiff verbal grievances of attacks by correctional staff on first shift, and medical, and mental health attention being denied.

123. Defendant Hepp knowingly deprived plaintiff mental health "crisis watch" after attempted suicide by order and authorization of placement in segregation cell without any ICR and not in "crisis watch" cell. This denial of equal protection in placement violated plaintiffs due process, furthermore the placement in segregation and placing restrictions upon plaintiff for no violation of rules yet only for mental health crisis further deprived plaintiff of equal protection and due process.

TRANSFER IN RETALIATION AND OBSTRUCTION

124. Defendant Quick processed / submitted transfer of plaintiff on 12/23/2021 in retaliation and obstruction of plaintiff's attempts and complaints of defendant Quick's failures of duty to process grievances filed by plaintiff in regards to incidents of 11/22/2021.

125. Defendant Wills approved transfer of plaintiff in retaliation and obstruction of plaintiff's attempts and complaints of defendant Wills failure of duty to process grievances and investigate claims of excessive force of his staff on plaintiff on 11/22/2021. Plaintiff beyond submitting emergency grievances directly to Wills, attempted to speak with defendant Wills on (2) two occasions, and also sent a letter through institutional mail.

126. Defendant LT.N.Bebat, S.Moore (formerly Sgt.Bebot) used there collective authority and influence to have plaintiff transferred in retaliation and obstruction, due to plaintiff's numerous attempts to grieve and have

defendant's acts investigated.

127. Defendant LT.N.Bebout ensured plaintiff's transfer on 3/8/2022 by his assignment to transfer LT. on date of plaintiff's transfer to western ILCC which was direct escort from Menard C.C. to western ILCC.

128. Plaintiff was transferred from prison were permits and single cell aided in plaintiff's medical and mental health to prison whom rarely and reluctantly issues permits and status, and had just recently had correctional staff on trial for murdering a inmate as a threatening tactic to intimidate and discourage plaintiff from continuing course of seeking relief, in retaliation and obstruction.

129. Plaintiff attempts to set forth a chronology of events in a foundation of factual development of the record, in support of claimes of retaliatory and obstructive transfer by defendant's Wills, Quick, LT.N.Bebout, S.Moore (formerly Sgt. Babout).
1. Incident report 11/23/21 8:36 AM signed by wills.
2. Internal Affairs interview 11/23/21 8:30-10:00 AM by "/e Frazier."
3. Medical assessment 11/23/21 10:00 AM Cause of injury "Assaulted by staff."
4. First attempt filing grievances 11/27/21, 11/28/21 in regards to 11/22/21.
5. Kite to Quick 11/27/21 about Randolph County State's Attorney.
6. Kite and response 12/6/21 about grievances.
7. Money Voucher copies 12/1, 12/15/21 to Randolph County State's Attorney, United State's Attorney, A.R.B.
8. Grievances recieved 12/16/21 by A.R.B, also sent to wills on 12/9/21
9. E.MAIL IA. from A.R.B 12/22/21 about grievances c.c. A.wills.
10. Kite response 12/23/21 from S. Quick
11. Submitted for transfer 12/23/21 by S. Quick.

26

12. Letter to A.R.B 1/15/22 about grievance #103 and history.

13. On 11/2/21 Filed grievance #109-11-21

14. On 11/15/21 Denied first stage #109-11-21

15. On 11/17/21 appeal to grievance officer, attached exhibits #109-11-21

16. On 11/18 or 11/19/21 S.Moore (Sgt. Bebout) made threats to plaintiff at cell

17. On 11/23/21 Warden Wills (C.A.O) denial of #109-11-21

18. On 12/8/21 Appeal to A.R.B with exhibits #109-11-21

19. On 12/9/21 Filed grievance to A.R.B about 11/18, or 11/19/21 threats by S.Moore (Sgt. Bebout) to plaintiff at cell. First attempt on 11/27/21.

20. On 3/3/22 A.R.B denial #109-11-21

21. On 3/8/22 Transfered threatened by LT.Bebout.

22. On 31.3/22 Filed grievance #

## RELIEF REQUESTED

Wherefore, Plaintiff requests that this Honorable Court grant the following relief:

A. Issue an injunction ordering defendant Wills

1. Proper and thorough investigation of excessive force, assault and battery, denial of medical and mental health assistance, and assessments of plaintiff on 11/22, 11/23/2021.

2. Proper and thorough investigation of officer's use of force and failure to report excessive use of force and institutional wide policy to premit imate css to file criminal complaints against correctional staff. The equal protection and due process application of procedure css offered to correctional staff assaulted by inmates

3. Proper and thorough investigation of claimes of abuse of power and/or retaliation by staff as policy and procedure state should happe

B. Award compensatory damages in the following amounts:

1. $10,000 against LT. N. Bebout for excessive force inwhich caused plaintiff actual physical, mental, and emotional pain and suffering.

2. $10,000 against LT. J. Dye for excessive force inwhich caused plaintiff actual physical, mental, and emotional pain and suffering.

3. $10,000 against J. Stueve Jr. for excessive force inwhich caused plaintiff actual physical, mental, and emotional pain and suffering

4. $10,000 against D. Brand for excessive force inwhich caused plaintiff actual physical, mental, and emotional pain and suffering

5. $2,000 against LT. N. Bebout for denial of medical attention inwhich caused plaintiff actual physical, mental, and emotional pain and suffering

6. $2,000 against J. Stueve Jr. for denial of medical attention inwhich caused plaintiff actual physical, mental, and emotional pain and suffering.

7. $2,000 against D. Brand for denial of medical attention inwhich caused plaintiff actual physical, mental, and emotional pain and suffering

8. $2,000 against LT Dye for denial of medical attention inwhich caused plaintiff actual physical, mental, and emotional pain and suffering

9. $2,000 against R. Presswood for denial of medical attention inwhich caused plaintiff actual physical, mental, and emotional pain and suffering

10. $2,000 against B. Griffin for denial of medical attention inwhich caused plaintiff actual physical, mental, and emotional pain and suffering

11. $2,000 against C. Cox for denial of medical attention in which caused plaintiff actual physical, mental, and emotional pain and suffering

12. $2,000 against C. Heskins for denial of medical attention in which caused plaintiff actual physical, mental, and emotional pain and suffering

13. $2,000 against K. Feldmann for denial of medical attention in which caused plaintiff actual physical, mental, and emotional pain and suffering

14. $2,000 against C. Boskick for denial of medical attention in which caused plaintiff actual physical, mental, and emotional pain and suffering

15. $2,000 against M. Hempen for denial of medical attention in which caused plaintiff actual physical, mental, and emotional pain and suffering

16. $2,000 against R. Price for denial of medical attention in which caused plaintiff actual physical, mental, and emotional pain and suffering

17. $2,000 against T. Brown for denial of medical attention in which caused plaintiff actual physical, mental, and emotional pain and suffering

18. $2,000 against D. Lawson for denial of medical attention in which caused plaintiff actual physical, mental, and emotional pain and suffering

19. $2,000 against M. Cambrelice for denial of medical attention in which caused plaintiff actual physical, mental, and emotional pain and suffering

20. $2,000 against J. Powell for denial of medical attention in which caused plaintiff actual physical, mental, and emotional pain and suffering

21 $2000 against C. Dunbar for denial of medical attention inwhich cause plaintiff actual physical, mental, and emotional pain and suffering

22 $2,000 against J. Mills for denial of medical attention inwhich caused plaintiff actual physical, mental, and emotional pain, and suffering

23 $2,000 against T. Eckenmeyer for denial of medical attention inwhich cau plaintiff actual physical, mental, and emotional pain and suffering

24 $2,000 against C. Spytek for denial of medical attention inwhich caus plaintiff actual physical, mental, and emotional pain and suffering

25 $2,000 against A. Choate for denial of medical attention inwhich caus plaintiff actual physical, mental, and emotional pain and suffering

26 $2,000 against G. McDonald for denial of medical attention inwhich cause plaintiff actual physical, mental, and emotional pain and suffering

27 $2,000 against W. Elsner for denial of medical attention inwhich caused plaintiff actual physical mental, and emotional pain and suffering

28 $2,000 against D. Ashbaugh for denial of medical attention inwhich cause plaintiff actual physical, mental, and emotional pain and suffering

29 $2,000 against E. Young for denial of medical attention inwhich cau plaintiff actual physical, mental, and emotional pain and suffering

30 $2,000 against J. Tilden for denial of medical attention inwhich cause plaintiff actual physical, mental, and emotional pain and suffering

31$ 2000 against LT. J Cloyd for denial of medical attention in which caused plaintiff actual physical, mental, and emotional pain and suffering

32$ 2000 against R. Goetschish for denial of medical attention in which caused plaintiff actual physical, mental, and emotional pain and suffering

33$ 5,000 against R. Alfaca for denial of medical attention in which caused plaintiff actual physical, mental and emotional pain and suffering

34$ 5,000 against C.Meccusen for denial of medical attention in which caused plaintiff actual physical, mental and emotional pain and suffering

35$ 5,000 against M. Edwards for denial of medical attention in which caused plaintiff actual physical, mental, and emotional pain and suffering

36$ 5,000 against A. Craine for denial of follow-up care ordered in which caused plaintiff actual physical, mental, and emotional pain and suffering

37$ 5,000 against K. Ashcraft for denial of follow-up care ordered in which caused plaintiff actual physical, mental, and emotional pain and suffering

38$ 5,000 against M. Bowling for denial of medical attention in which caused plaintiff actual physical, mental, and emotional pain and suffering

39$ 1,000 against LT. N. Bebout for failure to protect and/or intervene in attack in which caused plaintiff actual physical, mental, and emotional pain and suffering

40$ 1,000 against J. Stoevede for failure to protect and/or intervene in attack in which caused actual physical, mental, and emotional pain and suffering

41 $1,000 against D Brand for failure to protect and/or intervene in attack in which caused actual physical, mental, and emotional pain and suffering

42 $1,000 against R Presswood for failure to protect and/or intervene in attack in which caused actual physical, mental, and emotional pain and suffering

43 $1,000 against C Hoskins for failure to protect and/or interven in attack in which caused actual physical, mental, and emotional pain and suffering

44 $1,000 against K. Feldmann for failure to protect and/or intervene in attack in which caused actual physical, mental, and emotional pain and suffering

45 $1,000 against C. Buskirk for failure to protect and/or intervene in attack in which caused actual physical, mental, and emotional pain and suffering

46 $1,000 against M. Hempen for failure to protect and/or intervene in attack in which caused actual physical, mental, and emotional pain and suffering

47 $1,000 against R. Price for failure to protect and/or intervene in attack in which caused actual physical, mental, and emotional pain and suffering

48 $1,000 against T. Brown for failure to protect and/or intervene in attack in which caused actual physical, mental, and emotional pain and suffering

49 $1,000 against D Lawson for failure to protect and/or intervene in attack in which caused actual physical, mental, and emotional pain and suffering

50 $1,000 against M Crumbacker for failure to protect and/or intervene in attack in which caused actual physical, mental, and emotional pain and suffering

51. $1,000 against J. Powell for failure to protect and/or intervene in attack in which caused actual physical, mental, and emotional pain and suffering

52. $1,000 against C. Dunbar for failure to protect and/or intervene in attack in which caused actual physical, mental, and emotional pain and suffering

53. $1,000 against J Mills for failure to protect and/or intervene in attack in which caused actual physical, mental, and emotional pain and suffering

54. $1,000 against T. eilenmayer for failure to protect and/or intervene in attack in which caused actual physical, mental, and emotional pain and suffering

55. $1,000 against B. Griffin for failure to protect and/or intervene in attack in which caused actual physical, mental, and emotional pain and suffering

56. $2,000 against LT J. Dye for denial of mental health attention in which caused plaintiff actual physical, mental, and emotional pain and suffering

57. $2,000 against B. Griffin for denial of mental health attention in which caused actual physical, mental, and emotional pain and suffering

58. $2,000 against C. Cox for denial of mental health attention in which caused actual physical, mental, and emotional pain and suffering

59. $2,000 against C. Spytek for denial of mental health attention in which caused actual physical, mental and emotional pain and suffering

60. $2,000 against A. Choate for denial of mental health attention in which caused actual physical, mental and emotional pain and suffering

33

61. $2,000 against G. McDonald for denial of mental Health attention in which caused actual physical, mental, and emotional pain and suffering

62. $2,000 against W. Elsner for denial of Mental Health attention in which caused actual physical, and emotional pain and suffering

63. $2,000 against D. Ashbaugh for denial of Mental Health attention in which caused actual physical, and emotional pain and suffering.

64. $2,000 against E. Young for denial of mental Health attention in which Caused actual physical, mental, and emotional pain and suffering

65. $2,000 against V. Tilden for denial of mental Health attention in which caused actual physical, mental, and emotional pain and suffering

66. $2,000 against LT. J Lloyd for denial of Mental Health attention in which caused actual physical, mental, and emotional pain and suffering

67. $2,000 against R. Guetersloh for denial of Mental Health attention in which caused actual physical, mental, and emotional pain and suffering

68. $2,000 against Maj. M. Hudson for denial of Mental Health attention in which caused actual physical, mental, and emotional pain and suffering

69. $2,000 against LT. A. Bennet for denial of mental Health attention in which Caused actual physical, mental, and emotional pain and suffering

70. $2,000 against J. Hepp for denial of Mental Health attention in which Caused actual physical, mental, and emotional pain and suffering

21. $3,000 against A. Harris for denial of mental Health attention inwhich caused actual physical, mental, and emotional pain and suffering

72. $3,000 against T. Alms for denial of mental Health attention inwhich caused actual physical, mental, and emotional pain and suffering

73. $5,000 against R. Alfaro for denial of Mental Health attention inwhich caused actual physical, mental, and emotional pain and Suffering

74. $5,000 against C. Morrison for denial of mental Health attention inwhich caused actual physical, mental, and emotional pain and suffering

75. $5,000 against M. Bowling for denial of mental Health attention inwhich caused actual physical, mental, and emotional pain and suffering

76. $5,000 against M. Edwards for denial of mental Health attention inwhich caused actual physical, mental, and emotional pain and suffering

77. $5,000 against S. Buettner for denial of mental Health attention inwhich caused actual physical, mental, and emotional pain and suffering

78. $5,000 against T. Wilkes for denial of mental Health attention inwhich caused actual physical, mental, and emotional pain and suffering

79. $5,000 against J. Gordon for denial of mental Health attention inwhich caused actual physical, mental, and emotional pain and suffering

80. $5,000 against J. Schuhardt for denial of mental Health attention inwhich caused actual physical, mental, and emotional pain and suffering

35

81. $1,000 against shana moore (formerly s.bebout) for verbal threats against plainti in which caused plaintiff actual physical, mental, and emotional pain and suffering.

82. $1,000 against CT.N.Bebout for verbal threats against plaintoff in which caused plaintoff actual physical, mental, and emotional pain and suffering

83. $1,000 against D. Lee for verbal threats against plaintiff in which caused plaintiff actual physical, mental, and emotional pain and suffering.

84. $5,000 against CT.J Dye for verbally taunting of inducement of suicide of plaintoff in which caused actual physical, mental, and emotional pain and suffe

85. $10,000 against CT.N.Bebout for assault and/or battery in which caused plaintiff actual physical, mental, and emotional pain and suffering.

86. $10,000 against Shana Moore (formerly S.Bebout) for assault and/or battery in which caused plaintiff actual physical, mental, and emotional pain and suffering.

87. $10,000 against D. Lee for assault and/or battery in which caused plaintiff actual physical, mental, and emotional pain and suffering

88. $10,000 against J. Stueve Jr. for assault and/or battery in which ca plaintiff actual physical, mental, and emotional pain and suffering

89. $10,000 against D. Brand for assault and/or battery in which cause plaintiff actual physical, mental, and emotional pain and suffering

90. $10,000 against LT. J Dye for assault and/or battery inwhich caused plaintiff actual physical, mental, and emotional pain and suffering

91. $150 against LT. N. Bebout for loss of property.

92. $1,000 against LT. N. Bebout for Transfer in Retaliation and obstruction inwhich caused plaintiff actual physical, mental, and emotional pain and suffering.

93. $1,000 against S. Meece for Transfer in Retaliation and obstruction inwhich caused plaintiff actual physical, mental, and emotional pain and suffering.

94. $1,000 against S. Quick for Transfer in Retaliation and obstruction inwhich caused plaintiff actual physical, mental, and emotional pain and suffering

95. $1,000 against A. Wills for Transfer in Retaliation and obstruction inwhich caused plaintiff actual physical, mental, and emotional pain and suffering

96. $1,000 against Maj. M Hudson for placement in segregation and not "crisis watch cell" inwhich caused actual physical, mental, and emotional pain and suffering.

97. $1,000 against LT. A. Bennet for placement in segregation and not "crisis watch cell" inwhich caused actual physical, mental, and emotional pain and suffering

98. $1,000 against S. Hepp for placement in segregation and not "crisis watch cell" inwhich caused actual physical, mental, and emotional pain and suffering.

99. $50,000 against Wexford Health Sources, S. Ritz for failaccess to

properly train and staff medical and mental health employees at menard C.C. in which caused plaintiff actual physical, mental, and emotional pain and suffering.

C. Award Punitive damages in the following amounts:

1. $16,000 against LT.N.Bebout as to 1. compensatory damages

2. $16,000 against LT.J Dye as to 2. compensatory damages.

3. $16,000 against J.Stueve Jr. as to 3 compensatory damages

4. $16,000 against D.Brand as to 4 compensatory damages

5. $2,000 against LT.N.Bebout as to 5. compensatory damages

6. $2,000 against J.Stueve Jr. as to 6. compensatory damages

7. $2,000 against D.Brand as to 7. compensatory damages

8. $2,000 against LT.J Dye as to 8. compensatory damages

9. $2,000 against R.Pressured as to 9. Compensatory damages

10. $2,000 against B.Griffin as to 10 Compensatory damages

11. $2,000 against C.Cox as to 11 Compensatory damages

12. $2,000 against C.Heskins as to 12 Compensatory damages

13. $2,000 against K.Feldmann as to 13. Compensatory damages

14) $2,000 against C. Bostick        as to 14 compensatory damages

15) $2,000 against M. Harper        as to 15 compensatory damages

16) $2,000 against R. Price        as to 16 compensatory damages

17) $2,000 against T. Brown        as to 17 compensatory damages

18) $2,000 against D. Larson        as to 18 compensatory damages

19) $2,000 against M. Cumbuchee        as to 19 compensatory damages

20) $2,000 against J. Powell        as to 20 compensatory damages

21) $2,000 against C. Dunbar        as to 21 compensatory damages

22) $2,000 against J. Mills        as to 22 compensatory damages

23) $2,000 against T. Erlenmeyer        as to 23 compensatory damages

24) $2,000 against C. Spytek        as to 24 compensatory damages

25) $2,000 against A. Choate        as to 25 compensatory damages

26) $2,000 against G. McDonald        as to 26 compensatory damages

27) $2,000 against W. Elsner        as to 27 compensatory damages

28) $2,000 against D. Ashbaugh        as to 28 compensatory damages

39

29 $2,000 against E. Young     as to 29. compensatory damages

30 $2,000 against V. Tilden    as to 30 compensatory damages

31 $2,000 against (T.) Lloyd    as to 31 compensatory damages

32 $2,000 against R. Guttersloh   as to 32 compensatory damages

33 $5,000 against R. Alfaro    as to 33 compensatory damages

34 $5,000 against B. Morrison   as to 34 compensatory damages

35 $5,000 against M. Edwards   as to 35 Compensatory damages

36 $5,000 against A. Crane    as to 36 Compensatory damages

37 $5,000 against K. Ashcroft   as to 37 compensatory damages

38 $5,000 against M. Bowling   as to 38 Compensatory damages

39 $1,000 against LT. N. Bebout   as to 39 Compensatory damages

40 $1,000 against J. Stueve Jr.   as to 40 Compensatory damages

41 $1,000 against D. Brand    as to 41 Compensatory damages

42 $1,000 against R. Presswood   as to 42 Compensatory damages

43 $1,000 against C. Haskins   as to 43 Compensatory damages

44 $1,000 against K. Feldmann as to 44 compensatory damages

45 $1,000 against C.Buskirk as to 45 compensatory damages

46 $1,000 against hultemen as to 46 compensatory damages

47 $1,000 against R.Price as to 47 compensatory damages

48 $1,000 against T.Brown as to 48 compensatory damages

49 $1,000 against D.Lawson as to 49 compensatory damages

50 $1,000 against M.Crumbacher as to 50 compensatory damages

51 $1,000 against J.Powell as to 51 compensatory damages

52 $1,000 against C.Dunbar as to 52 compensatory damages

53 $1,000 against J.Mills as to 53 compensatory damages

54 $1,000 against T.Edenmoyer as to 54 compensatory damages

55 $1,000 against Bo.Griffin as to 55 compensatory damages

56 $2,000 against LT.J.Dye as to 56 compensatory damages

57 $3,000 against B.Griffin as to 57 compensatory damages

58 $3,000 against C.Cox as to 58 compensatory damages

41

59 $2,000 against C. Spytek    as to 59. Compensatory damages

60 $2,000 against A. Choate as to 60 Compensatory damages

61 $2,000 against G. McDonald as to 61 Compensatory damages

62 $2,000 against W. Elsner as to 62 Compensatory damages

63 $2,000 against D. Ashbough as to 63 Compensatory damages

64 $2,000 against E. Young as to 64 Compensatory damages

65 $2,000 against J. Tilden as to 65 Compensatory damages

66 $2,000 against LT. J. Lloyd as to 66 Compensatory damages

67 $2,000 against R. Guetersloh as to 67 Compensatory damage

68 $2,000 against Maj. M. Hudson as to 68 Compensatory damage

69 $2,000 against LT. A. Bennet as to 69 Compensatory damages

70 $2,000 against J. Hepp as to 70 Compensatory damages

71 $2,000 against A. Harris as to 71 Compensatory damages

72 $2,000 against T. Alms as to 72 Compensatory damages

73 $5,000 against R. Alfaro as to 73 Compensatory damages

74 $5,000 against R. Merrison as to 74. compensatory damages

75 $5,000 against M. Bauling as to 75 compensatory damages

76 $5,000 against M. Edwards as to 76 compensatory damages

77 $5,000 against S. Buettner as to 77 compensatory damages

78 $5,000 against T. Wilkes as to 78 compensatory damages

79 $5,000 against J. Gordon as to 79 compensatory damages

80 $5,000 against J. Schuhardt as to 80 compensatory damages

81 $1,000 against S. Moore as to 81 compensatory damages

82 $1,000 against LT.N.Bebout as to 82 compensatory damages

83 $1,000 against D. Lee as to 83 compensatory damages

84 $5,000 against LT.J.Dye as to 84 compensatory damages

85 $10,000 against LT.N.Bebout as to 85 compensatory damages

86 $10,000 against S. Moore as to 86 compensatory damages

87 $10,000 against D. Lee as to 87 compensatory damages

88 $10,000 against J. Stueve Jr. as to 88 compensatory damages

89 $10,000 against B. Brand as to 89 compensatory damages.

90 $10,000 against LT. J. Dye as to 90. Compensatory damages.

91 $150 against LT. N. Behout as to 91. Compensatory damages

92 $1,000 against LT. N. Behout as to 92 compensatory damages

93 $1,000 against S. Moore as to 93 Compensatory damages

94 $1,000 against S. Quick as to 94 Compensatory damages

95 $1,000 against A. wills as to 95 Compensatory damages

96 $1,000 against Maj. M. Hudson as to 96 Compensatory damages

97 $1,000 against LT. A. Bennet as to 97 Compensatory damages

98 $1,000 against J. Heff as to 98 Compensatory damages

99 $50,000 against Wexford Health Sources, S. Ritz as to 99 Compensatory damages.

D. Grant such other relief as it may appear plaintiff is entitled.


JURY DEMAND

The Plaintiff ☑ Does Request Trial by Jury

DECLARATION UNDER FEDERAL RULE OF CIVIL PROCEDURE 11

I certify to the best of my knowledge, information, and belief, that this complaint is in full compliance with Rule 11(a) and 11(b) of the Federal Rules of Civil Procedure. The undersigned also recognizes that failure to comply with Rule 11 may result in sanctions

Signed
on: 6/16/2021                          /s/ Kenneth Shazier
                                       Signature of Plaintiff

2508 RT. 99 South                      Kenneth Shazier
Street Address                         Print Name

MT. Sterling IL 62353                  #K92574
City, State, Zip                       Prisoner Register Number